IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Criminal No. 12-62 |
| | ) |
| ZACHARY ROTH, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.     Introduction**

Pending before the court is a motion for early termination of supervised release filed by counsel on behalf of defendant Zachary Roth ("Roth" or "Defendant") (ECF No. 100). The government filed a response in opposition to the motion (ECF No. 102) and it is ripe for decision.

Roth argues that he has been in full compliance with his conditions of supervision without violations, renewed his commitment to his family, is now 45 years old and is drug and alcohol free. Roth argues that he has served over 101 months of his supervised release time, and his continued supervision disrupts his ability to travel freely to visit his ailing family members, without fear of violations, should the need arise on an emergent basis.

The government opposes the motion and argues that early termination is not warranted considering the seriousness of the crime Roth committed and noted that Roth's request for a modification to the conditions of his supervised release was granted on Sept. 30, 2024 (ECF No. 104) so that he may travel within the territorial boundary of West Virginia for work. In light of this modification, the government argues early termination is not appropriate.

**II.    Procedural History**

On February 24, 2015, Roth pleaded guilty to possession of material depicting the sexual exploitation of a minor, for an offense ending March 21, 2007, in violation of 18 U.S.C. § 2252 (a)(4)(B), as charged at Criminal No. 12-62.

The Presentence Investigation Report ("PIR") determined that Roth was in criminal history category I. The guideline imprisonment range was 78 months to 97 months. The advisory guideline range of supervised release was 5 years to life.

Pursuant to Rule 11(c)(1)(c), Roth entered into a plea agreement contract where he agreed that the appropriate sentence in this case was a term of imprisonment of 12 months and a day, a fine to be determined by the court, and a term of supervised release of 10 years. Roth agreed that such a sentence would constitute a just sentence, provide adequate deterrence, and protect the public from further crimes. Plea Agreement ¶ C(2).

The court accepted the defendant's plea and sentenced defendant to a term of imprisonment of 12 months and 1 day with a 10-year term of supervised release to follow. No fine or restitution was imposed.

As applicable to the pending motion, the court's sentence represented a substantial downward variance to Roth's prison term and a reasonable term of supervised release. Roth began his term of supervised release on March 16, 2016, and it is scheduled to expire on March 16, 2026. Roth has served slightly more than 8 1/2 years of his of supervised release.[1]

### III.   Discussion

#### A. Applicable Law

---

[1] Roth's contentions that he has "served more than 90% of the time ordered" (ECF No. 100 at 2) is not accurate. He has served approximately 86% of his ordered supervised release time.

A district court has the discretion to grant the early termination of a defendant's term of supervised release[2] under 18 U.S.C. § 3583(e).  United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
>> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early

---

[2] Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

3

termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 52. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id. at 52-53.

The Third Circuit Court of Appeals has clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. at 53 (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown." Id. (emphasis added).[3] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court considered each § 3553(a) factor, as instructed in § 3583(e)(1), to determine whether early termination of Roth's term of supervised release is warranted by his conduct and is in the interest of justice. The court will briefly review the pertinent factors.

---

[3]   The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 978 F.3d at 53.

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Roth's offense for which he was convicted was extremely serious. He had hundreds of videos and/or images of child pornography on his personal devices depicting prepubescent children, including acts of oral, genital, and anal penetration, and sadomasochistic acts. Presentence Investigation Report ¶ A(7), (10). Roth accepted responsibility for possession of child pornography and pleaded guilty.

The court accepts the representations that, while on supervised release, Roth has done very well in his community, is gainfully employed, is drug and alcohol free, and has strong family support. Despite the laudable progress Roth has made since his release from imprisonment, this factor weighs strongly against early termination.

#### 2. The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)

The court acknowledges that Roth has successfully reintegrated into the community, is working and has formed relationships with his family. Educational and vocational training is apparently not needed at this time.

Defense and protection of the public are significant issues for Roth's offense and conviction. Pursuant to U.S.S.G. § 5D1.2(b)(2) policy statement, if the instant offense of conviction is a sex offense, the statutory maximum term of supervised release (i.e., life) is recommended. Life sentences of supervised release have been upheld by the Third Circuit Court of Appeals "in the interests of justice and deterrence in light of the seriousness of sex" offenses. United States v. Simmons, 69 F.4th 91 (3d Cir. 2023).

5

Roth, and the government, agreed that 10 years was the appropriate term of supervised release. In accepting the binding plea agreement, the court understood 10 years of supervised release was a significant component of the sentence in light of the large reduction in the term of imprisonment agreed to by the parties. Considering the serious nature of Roth's criminal conduct, a reduction in the term of supervised release would not adequately deter criminal conduct. In other words, a 10-year term of supervised release is still warranted to deter criminal conduct and protect the public. This factor does not favor early termination of supervision.

      3. ***The sentencing range established by the Sentencing Commission, § 3553(a)(4)***

As noted above, Roth received a sentence that provided for a significant downward variance from the applicable guideline range of imprisonment. The guideline range of supervised release was 5 years to life. Pursuant to U.S.S.G. § 5D1.2(b)(2) policy statement, if the instant offense of conviction is a sex offense, the statutory maximum term of supervised release (i.e., life) is recommended. Roth's lack of previous criminal history was taken into account, and he received a substantially shorter term of imprisonment combined with a reasonable term of supervised release. This factor does not favor early termination of Roth's supervision.

      4. ***Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).***

The parties do not cite any specific policy statement issued by the Sentencing Commission that the court may wish to consider warranting early termination of supervision. Pursuant to U.S.S.G. § 5D1.2(b)(2) policy statement, if the instant offense of conviction is a sex offense, the statutory maximum term of supervised release (i.e., life) is recommended. This factor does not favor early termination of Roth's supervision.

> 5. *The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).*

Early termination of the term of supervision may create an unwarranted sentencing disparity between Roth and other defendants with similar records who have been found guilty of similar conduct. Any such defendants would be subject to longer terms of incarceration and similar, or longer, terms of supervised release. United States v. Kuchler, 285 F. App'x 866 (3d Cir. 2008).[4] This factor weighs strongly against early termination of supervision.

> 6. *The need to provide restitution to any victims of the offense, § 3553(a)(7).*

This factor is not applicable.

### C. Whether early termination is warranted and in the interest of justice

The court concludes that early termination of Roth's supervision is not in the interest of justice. The court appreciates and encourages Roth to remain crime free and to continue to succeed economically and in the community. Compliance with the conditions of supervision is *required* behavior while serving a term of supervised release. The fact of Roth's compliance with the conditions of supervision may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the community and him.

Roth's conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crime and the need to deter criminal

---

[4] Kuchler, like Roth, had a base offense level of 28 with a criminal history category of I. He was in possession of at least one, but as many as five, pictures of child pornography on his computer when he was arrested; in contrast, Roth had hundreds of child pornography images. Kuchler was sentenced to 78 months of imprisonment and a lifetime of supervised release, which was upheld on appeal.

conduct, the interest of justice is best served by Roth completing his 10-year term of supervised release.

Roth did not articulate any specific hardship posed by his current conditions of supervision, especially taking into account the modification to his release conditions that he was recently granted for travel to work within West Virginia. Roth, if he desires to travel with his brother, should speak with his probation officer and obtain permission to travel. If there is a problem in doing so or if the probation officer declines to grant permission to travel, Roth should file a motion to travel with the court. The court encourages Roth to continue to communicate with his probation officer to resolve any issue that becomes necessary for emergent travel to attend to ailing members of his family.

### IV.     Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 100) without prejudice. In the event Roth's circumstances change, he may file a new motion for early termination of supervised release.

An appropriate order follows.

BY THE COURT:

Dated: November 7, 2024

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge